¶ 47 I respectfully dissent from the majority's opinion that the inclusion of individuals as named insureds does not create a distinction from Scott-Pontzer based upon this court's holding in Burkhart, supra.
 {¶ 48} Because the declarations include named individuals, I find the policy language is not ambiguous and therefore Scott-Pontzer does not apply. See Pahler v. Motorists Mut. Ins. Co., Stark App. No. 2002CA00022, 2002-Ohio-5762 (Farmer, J., dissenting); Westfield Insurance Co. v. Galatis, Summit App. No. CA20784, 2002-Ohio-1502; White v. American Manufacturers (August 9, 2002), Montgomery App. No. 19206. I note this finding is in direct conflict with this court's decisions in Burkhart, supra, and Still, supra. This writer was not involved in these decisions.
 {¶ 49} I would find Mr. Greene is not a named insured under the uninsured/underinsured motorist coverage provisions and therefore his family members are not entitled to coverage under the commercial automobile policy.
 {¶ 50} Because there is no coverage under the commercial automobile policy, the underlying policy, I would find no coverage under the excess umbrella policy for the following reasons.
 {¶ 51} The umbrella policy provides coverage to the named insureds in the Declarations which states "Rainbow Home Rentals, Inc., Wayland J. Russell and Jason A. Alford." See, Section II(1) and Declarations of the Commercial Excess Liability (Umbrella) Insurance Policy, attached to Appellant's Brief as Exhibit C-3 and C-6. Said policy also provides coverage in pertinent part as follows:
"Any other person or organization insured under any policy of the `underlying insurance'. This grant is subject to all the limitations upon coverage under such policy other than the limits of the `underlying insurers' liability." See, Section II(2)(h) of the Commercial Excess Liability (Umbrella) Insurance Policy, attached to Appellant's Brief as Exhibit C-7.
 {¶ 52} Because Nathaniel Greene is not a named insured under the umbrella policy and is not an insured under the "underlying policy," I would find he is precluded from coverage under the umbrella policy.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.